IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ALAN COX
                                                                                                PLAINTIFF

        v.                                          Civil No. 15-2102

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                                  DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Alan Cox, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). The matter is presently before the undersigned by consent of the parties. (ECF No. 5)

**I.      Procedural Background:**

On May 27, 2015, the Plaintiff filed his complaint, appealing the Commissioner's final decision denying his application for DIB. (ECF No. 1) On December 4, 2015, Plaintiff's counsel filed a Suggestion of Death, notifying this Court of the Plaintiff's death on November 11, 2015. (ECF No. 13) At the request of Plaintiff's surviving spouse, Mrs. Cox, counsel filed a Motion to Substitute and Brief in Support thereof on March 21, 2016. (ECF Nos. 14, 15)

**II.     Applicable Law:**

Rule 25 of the Federal Rules of Civil Procedure governs the substitution of parties after death, and provides in part, "[i]f the motion is not made within 90 days after service of a statement

noting the death, the action by or against the decedent must be dismissed." FED. R. CIV. P. 25(a)(1). The Advisory Committee Notes for this rule make clear that the time does not begin to run until the death is suggested on the record by service of a statement of the fact of death. *Id.* Rule 6(b) of the Federal Rules of Civil Procedure allows this court, for good cause shown, to extend a specified time period with or without motion or notice if the court acts prior to the expiration of the original time period. Once the original time period has expired, however, a motion must be filed by the party who failed to act, and the party must put forth evidence of excusable neglect. Fed. R. Civ. P. 6(b).

"The determination as to what sort of neglect is considered excusable is 'an equitable one," taking into account all of the relevant circumstances surrounding the party's omission. *Hawks v. J. P. Morgan Chase Bank*, 591 F. 3d 1043, 1048 (8th Cir. 2010) (citing *Kaubisch v. Weber, et al.*, 408 F.3d 540, 543 (8th Cir. 2005)). Such relevant factors include "the danger of prejudice to the [other party/parties], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it [i.e., the delay ] was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 386-387 & n. 3 (1993).

**III.    Discussion:**

Plaintiff's counsel filed a notice of death on December 4, 2015, indicating that Mrs. Cox had notified him of the Plaintiff's death on November 12, 2015, the day after the Plaintiff died. (ECF No. 13) In accordance with Rule 25, Mrs. Cox had until March 4, 2016, to file a Motion to Substitute on behalf of the Plaintiff's successor or personal representative. Unfortunately, said motion to substitute was not filed until March 21, 2016, approximately seventeen days following the expiration of the 90-day time period prescribed by Rule 25. And, we note that Mrs. Cox failed

to file a Motion for Extension of Time to file her Motion to Substitute. Further, the Motion to Substitute provided no explanation for her failure to move for substitution within the prescribed period, preventing this Court from finding excusable neglect. As such, the undersigned is constrained by the plain language of Rule 25(a)(1) and must deny Mrs. Cox's Motion to Substitute. FED. R. CIV. P. 25(a)(1).

### IV.   Conclusion:

Accordingly, Mrs. Cox's Motion to Substitute is hereby denied as untimely, and the Plaintiff's complaint dismissed pursuant to Rule 25 of the Federal Rules of Civil Procedure for failure to file a Motion to Substitute within 90 days of the filing of the Suggestion of Death.

DATED this 29th day of March 2016.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE